**Case No. 23-1751**

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

YORAM KAHN, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant,*

—v.—

WALMART Inc.,

*Defendant-Appellee.*

———

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION,
NO. 1:22-CV-04177
HONORABLE SARA L. ELLIS, DISTRICT COURT JUDGE

**PLAINTIFF-APPELLANT, YORAM KAHN'S BRIEF IN OPPOSITION TO MOTION OF RETAIL LITIGATION CENTER, INC., NATIONAL RETAIL FEDERATION, FMI – THE FOOD INDUSTRY ASSOCIATION, AND ILLINOIS RETAIL MERCHANTS ASSOCIATION FOR LEAVE TO FILE BRIEF AS AMICI CURIAE SUPPORTING APPELLEE AND AFFIRMANCE**

STANLEY D. BERNSTEIN
MICHAEL S. BIGIN
STEPHANIE M. BEIGE
BERNSTEIN LIEBHARD LLP
10 East 40th Street
New York, New York 10016
(212) 779-1414

SCOTT H. GINGOLD
GINGOLD LEGAL
1326 Isabella Street
Evanston, Illinois 60201
(773) 793-9093

*Attorneys for Plaintiff-Appellant*

Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Plaintiff-Appellant Yoram Kahn opposes the movants' request to file an *amicus curiae* brief (ECF No. 26-1) in his appeal of a Federal Rule of Civil Procedure 12(b)(6) dismissal. The additional "information" presented by the movants is irrelevant to determining whether the Complaint adequately stated a claim under Fed. R. Civ. P. 12(b)(6). The proposed *amicus curiae* brief injects purported "realities" that are not alleged in the Complaint and are not stipulated facts. It also argues that retailers should not be liable for false pricing here, much like Appellee Walmart Inc. already fully briefed at ECF No. 24. Therefore, the motion to file the *amicus curiae* brief should be denied since the brief does not add value to the disposition of the appeal.

As this Court summarized in *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020) (Scudder, J., in chambers), whether to grant a motion to allow an *amicus curiae* brief is largely a matter of whether the brief is "relevant to the disposition of the case" and "add[s] value to [the Court's] evaluation of the issues presented on appeal." *Prairie Rivers Network,* 976 F.3d at 762-63 (citing Fed. R. App. P. 29(a)(3)(B)). "The criterion is more likely to be satisfied in a case in which a party is inadequately represented; or in which the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case; or in which the amicus has a unique perspective or specific information that can assist the court beyond what the parties can provide." *Voices for Choices, et al. v. Ill. Bell*

*Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (citing *Nat'l Org. for Women*, 223 F.3d at 616-17).

Under this guidance, the Court should deny the motion to file the *amicus curiae* brief. The District Court predicated its Fed. R. Civ. P. 12(b)(6) dismissal on the facts alleged in the Complaint and its interpretation of case law applicable to the claims asserted under the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 ("ICFA"), the Uniform Deceptive Trade Practices Act, 815 ILCS 505/2 ("UDTPA"), and Illinois common law. On appeal, this Court reviews "de novo the dismissal of a complaint for failure to state a claim" pursuant to Fed. R. Civ. P. 12(b)(6). *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 644 (7th Cir. 2019). "In so doing, [it] construe[s] the complaint in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in the nonmoving party's favor." *Zahn v. N. Am. Power & Gas LLC*, 847 F.3d 875, 877 (7th Cir. 2017) (internal quotations and alterations omitted). Where a district court did not rely on materials outside of the complaint in ruling on a Fed. R. Civ. P. 12(b)(6) motion, which the District Court did not do here, it is inappropriate for the Court of Appeals to do so. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *see also Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) ("in evaluating a Rule 12(b)(6) dismissal, we limit our review, as we must, to the well-pleaded allegations of the Complaint") (internal citation marks and citation omitted).

The movants claim to present the "practical realities of retail shelf pricing and the practical consequences" (ECF No. 26-1 at 3), but their purported "realities" and "consequences" are outside the well-pleaded allegations of the Complaint. These new assumptions are not "relevant to the disposition of the case," do not "add value to [the Court's] evaluation of the issues presented on appeal," and cannot "assist the court beyond what the parties can provide [given the current procedural posture]." *Prairie Rivers Network,* 976 F.3d at 763; *see also Rawson v. ALDI, Inc.*, No. 21-cv-2811, 2022 WL 1556395, at *7 (N.D. Ill. May 17, 2022) (denying leave for an industry association to file an *amicus* brief for a Fed. R. Civ. P. 12(b)(6) motion based on circuit authority and finding the *amicus* "offers factual nuance not addressed by the parties, but … considering [its] … factual assertions now is not appropriate"). They should not be a part of this Court's review of the District Court's opinion.

For these reasons, the Court should deny the motion at ECF No. 26-1 to file an *amicus curiae* brief.

Respectfully submitted,

| | |
|---|---|
| **BERNSTEIN LIEBHARD LLP**<br>Stanley D. Bernstein<br>Michael S. Bigin<br>Stephanie M. Beige<br><br>By: /s/ Stanley D. Bernstein<br>STANLEY D. BERNSTEIN<br>10 East 40th Street<br>New York, New York 10016<br>Telephone: (212) 779-1414<br>Bernstein@bernlieb.com<br>Bigin@bernlieb.com<br>Beige@bernlieb.com | **GINGOLD LEGAL**<br>Scott H. Gingold<br>1326 Isabella Street<br>Evanston, IL 60201<br>Telephone: (773) 793-9093<br>scott@gingoldlegal.com |

## CERTIFICATE OF SERVICE

The Undersigned Counsel of Record for the Plaintiff-Appellant, Yoram Kahn, hereby certifies that on 25th day of September 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Dated: September 25, 2023

**BERNSTEIN LIEBHARD LLP**
Stanley D. Bernstein
Michael S. Bigin
Stephanie M. Beige

By:/s/ Stanley D. Bernstein
STANLEY D. BERNSTEIN

00757718;V1